UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| BRENT DEAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:23 CV 580 RWS |
| ) | |
| NORFOLK SOUTHERN RAILWAY ) | |
| CO., et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

In this removed case,  plaintiff Brent Dean claims that his employer violated

the Family and Medical Leave Act (FMLA) and the Americans with Disabilities

Act (ADA) by retaliating against him after he took FMLA leave for a panic attack.

Dean was working as a supervisor for defendant Norfolk Southern

Corporation (NSC) at the time of his FMLA leave.  When he returned, NSC told

him the position had been eliminated.  Dean then exercised his union seniority to

take a conductor job with defendant Norfolk Southern Railway Company (NSRC),

which is a wholly owned subsidiary of NSC.[1]  Dean applied for, but did not obtain,

other supervisory positions with NSC.  He then decided to apply for several

positions with a different railroad, CSX, which he alleges should have been "easy"

---

[1] Before he became a supervisor with NSC, Dean had a union job with NSRC.

jobs for him to get.  ECF 22 at 6.  However, despite being interviewed he was not hired by CSX.

In his three-count amended complaint, Dean alleges that he was retaliated against by his employer in violation of FMLA (Count I) and the ADA (Count II) and that defendants tortiously interfered with his business expectancy by allegedly providing a negative job reference to CSX (Count III).

NSRC moves to dismiss Dean's FMLA and ADA claims on the ground that it was not Dean's employer when he took FMLA leave.  Instead, NSRC claims that as a supervisor, Dean was employed by NSC, and NSC made the decisions to eliminate his position and not rehire him as a supervisor.

Having reviewed the amended complaint under the appropriate standards,[2] the Court concludes that Dean's employment discrimination claims against NSRC

---

[2] For plaintiff to survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic v. Twombly,* 550 U.S. 544, 570 (2007)).  This requirement of facial plausibility means the factual content of the plaintiff's allegations must "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Park Irmat Drug Corp. v. Express Scripts Holding Co.*, 911 F.3d 505, 512 (8th Cir. 2018) (quoting *Iqbal*, 556 U.S. at 678).  "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. The Court must accept the plaintiff's factual allegations as true and draw all reasonable inferences in favor of the nonmoving party. *Lustgraaf v. Behrens*, 619 F.3d 867, 872-73 (8th Cir. 2010).  Although courts must accept all factual allegations as true, they are not bound to accept as true a legal conclusion couched as a factual allegation. *Twombly*, 550 U.S. at 555 (internal quotations and citation omitted); *Iqbal*, 556 U.S. at 677-78.  And, "factual allegations must be enough to raise a right to relief above the speculative level." *Torti v. Hoag,* 868 F.3d 666, 671 (8th Cir. 2017) (citation omitted).

survive dismissal at this time.  Dean alleges that "defendants NSC and NSRC

constitute a single integrated enterprise in that they possess interrelation of

operations, operate under common management, there is centralized control over

labor relations and they operate under common ownership or financial control."

ECF 22 at 3.   Dean alternatively alleges that "NSC and NSRC constitute a joint

employer as both entities exercised sufficient control over the terms and conditions

of plaintiff's employment such that he was an employee of both."  ECF 22 at 3.

These allegations are sufficient to allege that NSRC and NSC should be treated as

a single employer for purposes of liability under FMLA and the ADA.  *See*

*Sandoval v. American Building Maintenance Industries, Inc.*, 578 F.3d 787, 793

(8th Cir. 2009); *Whitney v. Franklin General Hospital*, 2015 WL 1809586, at \*9

(N.D. Iowa April 21, 2015)  Whether Dean will ultimately prevail on these claims

against NSRC is not before me at this stage of the proceedings.  However he is at

least entitled to conduct discovery on his claims.  NSRC's motion to dismiss

Counts I and II is denied.

NSRC and NSC move to dismiss Dean's tortious interference claim on the

ground that he fails to state a claim.  Whether Missouri or Kentucky law applies,[3] a

---

[3] In opposition to dismissal, Dean asserts that "it is no way apparent that only Missouri law
dictates the legal analysis of the tortious interference claim alleged."  ECF 32 at 4.  Defendants
cannot be faulted for citing Missouri law when this lawsuit started out in Missouri state court.   It
is incumbent upon Dean to assert the basis for his claim, which includes setting out the State's
law which he alleges has been violated.  To address any argument Dean is attempting to make
that Kentucky law should apply to this claim since he is a Kentucky resident, the Court has also
reviewed the sufficiency of the pleading under Kentucky law.

claim for tortious interference with a business expectancy requires a valid business expectancy;[4] wishful thinking is not enough.  *See Stehno v. Sprint Spectrum, L.P.*, 186 S.W.3d 247, 251 (Mo. 2006); *Ventas, Inc. v. Health Care Prop. Inv'rs, Inc.*, 635 F.Supp.2d 612, 621 (W.D. Ky. 2009) (applying Kentucky law)) ("A valid business expectancy exists when there is a reasonable likelihood or a probability, not mere wishful thinking that a business relationship will come about.").

Dean's allegations that the jobs at CSX should have been "easy" for him to get and that two unnamed CSX employees made positive comments about his interview performance do not establish a reasonable business expectancy because his subjective interpretation of his ability to secure employment and the interviewers' comments amounts to nothing more than his own speculation.  To survive a motion to dismiss, a claim for tortious interference with business expectancy must include more than subjective hope of employment or speculation. *See Stehno*, 186 S.W.3d at 250 (motion to dismiss granted because the plaintiff had alleged only subjective hope to have long-term employment);  *Vilcek v. Uber USA, LLC*, Case No. 4:15CV1900 HEA, 2017 WL 3116155, at *4 (E.D. Mo. July 21, 2017), *aff'd*, 902 F.3d 815 (8th Cir. 2018) (tortious interference claim dismissed because liability cannot be predicated on speculation).  Liability cannot be

---

[4] It also requires knowledge of the existence of a valid business relationship or its expectancy thereof, intentional act of interference, improper motive, causation and damages.  *See Nazeri v. Missouri Valley College*, 860 S.W.2d 303, 316 (Mo. 1993) (Missouri law); *CMI, Inc. v. Intoximeters, Inc.,* 918 F. Supp. 1068, 1080 (W.D. Ky.1995) (Kentucky law).

predicated on "speculation, conjecture, or guesswork" and essential facts cannot be inferred without a "substantial evidentiary basis." *Wash Solutions, Inc. v. PDQ Mfg., Inc.*, 395 F.3d 888, 896 (8th Cir. 2005).  As Dean alleges nothing more than a mere hope of employment with CSX based upon his own subjective evaluation of his qualifications and the comments of the interviewers, he has not plausibly alleged a valid business expectancy sufficient to state a claim.  Count III is accordingly dismissed.

Accordingly,

**IT IS HEREBY ORDERED** that defendant Norfolk Southern Corporation's motion to dismiss [25] is granted, and plaintiff's Count III of the amended complaint is dismissed.

**IT IS FURTHER ORDERED** that defendant Norfolk Southern Railway Company's motion to dismiss [23] is denied as to Counts I and II of the amended complaint but granted as to Count III of the amended complaint, and plaintiff's Count III of the amended complaint is dismissed.

This case will be set for a scheduling conference by separate Order.


_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 27th day of July, 2023.